UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KENT HAMM, JR.,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    No. 4:18-CV-92 RWS
                                   )
MATTHEW MCINERNY, et al.,          )
                                   )
        Defendants.                )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1). After reviewing plaintiff's motion, the Court will assess plaintiff an initial partial filing fee of $1.00. Additionally, after reviewing plaintiff's complaint, the Court will order plaintiff to show cause why this action should not be stayed and administratively closed pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the underlying criminal proceedings against plaintiff that appear to arise under the same facts plaintiff alleges in his complaint.

**Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal search and seizure. Plaintiff also claims he was falsely arrested and subject to false imprisonment in April 2017, when St. Louis City Police Officers pulled his car over, detained him and unlawfully searched his vehicle.

Plaintiff claims in his complaint that the police officers who pulled him over asked him "where the gun was" and after searching he and his vehicle charged him with: unlawful use of a weapon, exhibiting and resisting arrest. Plaintiff alleges that he was then taken to the St. Louis

Medium Security Institution ("MSI") and later assigned a public defender for his state criminal case. Plaintiff states he was identified in a line-up by an alleged witness to the purported crime, although he claims that the witness was coerced by police officers into making false statements against him.

Last, plaintiff claims that defendant police officers, Matthew McInerny and David Christensen, as well as City of St. Louis Assistant Prosecutor Wyatt Dameron, acted in a conspiracy to convict him of the unlawful use of a weapon charge by working together to "go to the grand jury" with the "false and suggestive information" in order to bring a criminal case against plaintiff.

## Discussion

In *Wallace v. Kato,* 549 U.S. 384 (2007), the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace,* 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts a claim for false arrest, as well as claims for illegal search and seizure of both his person and his vehicle. In the complaint, plaintiff also alleges that he was illegally detained, that police had no probable cause to search him or his vehicle because he did not have a gun as they suspected, and that he was illegally imprisoned.

After careful consideration, the Court finds that plaintiff should show cause why this matter should not be stayed and administratively closed pursuant to the principles established in *Wallace v. Kato*.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within thirty (30) days from the date of this Memorandum and Order why this matter should not be stayed pursuant to the principles espoused in *Wallace v. Kato,* 549 U.S. 384 (2007), until the underlying state criminal proceedings brought against plaintiff are resolved.

Dated this 21st day of June, 2018.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE